UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

MARANGONI TREAD LATINO AMERICA          Chapter 15
INDUSTRIA E COMERCIO DE ARTEFATOS
DE BORRACHA LTDA                        Case No.:

       Debtor in a Foreign Proceeding.
_____/

### VERIFIED PETITION FOR ORDER GRANTING RECOGNITION OF FOREIGN MAIN PROCEEDING PURSUANT TO §§ 1515 AND 1517 OF THE BANKRUPTCY CODE

      Otávio de Paoli Balbino de Almeida Lima (the "Foreign Representative"), the duly

appointed foreign representative of Marangoni Tread Latino America Industria e Comercio de

Artefatos de Borracha Ltda (the "Debtor"), files this *Verified Petition for Order Granting*

*Recognition of Foreign Main Proceeding Pursuant to §§ 1515 and 1517 of the Bankruptcy Code*

(the "Verified Motion"), seeking entry of an Order granting (i) recognition of the Debtor's court-

approved reorganization pending before the Second Civil Court of Lagoa Santa, Minas Gerais,

Brazil (the "Brazilian Court"), Case No. 0048412-39.2018.8.13.0148 (the "Brazilian Proceeding")

pursuant to 11 U.S.C. § 1517[1]; (ii) related relief pursuant to sections 1520 and 1521 of the

Bankruptcy Code; and (iii) any other and further relief which may be available under the

Bankruptcy Code. In support of this Verified Motion, the Foreign Representative respectfully

states as follows:

### PRELIMINARY STATEMENT

_____

    [1] Unless otherwise specified herein, all statutory references shall be to Title 11 U.S.C. §
101 *et seq.* (the "Bankruptcy Code").



1.      The Foreign Representative files this Verified Chapter 15 Petition for Recognition of a Foreign Proceeding (the "Petition") pursuant to section 1504 of the Bankruptcy Code seeking recognition of the Brazilian Proceeding as a "foreign main proceeding" as defined in section 1502(4).

2.      The Declaration of Otávio de Paoli Balbino de Almeida Lima (the "Declaration"), made under penalty of perjury, addressing the requirements of § 1515(c) and Federal Rule of Bankruptcy Procedure 1007(a)(4), is attached hereto as **Exhibit "A".**

3.      The Order granting the Court-Approved Reorganization of the Debtor and appointing the Foreign Representative's law firm as judicial administrator, as well as the Court Certification of the Order appointing the Foreign Representative as judicial manager (which provides expanded powers over those of judicial administrator) and naming him the Foreign Representative of the Debtor attached to the Declaration are attached hereto as **Composite Exhibit "B".**

4.      The Debtor's Statement of Corporate Ownership under Fed. R. Bankr. P. 1007(a)(4) and 7007.1 is attached hereto as **Exhibit "C".**

5.      The Petition, this Verified Motion, and the accompanying Declaration thereto demonstrate that the Brazilian Proceeding should be recognized as a foreign main proceeding pursuant to section 1517 of the Bankruptcy Code.

6.      The Foreign Representative seeks the type of relief that chapter 15 was designed to provide, and the Brazilian Proceeding and this Petition meet all the requirements for recognition and the requested relief.

## JURISDICTION AND VENUE

7.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(b) and

sections 109 and 1501 of the Bankruptcy Code.

8.      This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(P), and the Court may enter a final order consistent with Article III of the United States Constitution.

9.      The city of Lagoa Santa, Minas Gerais, Brazil is the Debtor's center of main interests, where it is incorporated and maintains its principle place of business.

10.     Venue is proper in this district under 28 U.S.C. § 1410 as, among other things, the Debtor has approximately US$1,500 deposited on retainer with Sequor Law, P.A.

## BACKGROUND AND BASIS FOR RECOGNITION

11.     The Declaration sets forth in detail the background and basis for recognition. *See* Ex. A.

12.     The Foreign Representative has satisfied each of the requirements for recognition of the Debtor and the Trustee under Chapter 15 of the Bankruptcy Code, as follows:

(a)     The Foreign Representative qualifies as a "foreign representative" under section 101(24) of the Bankruptcy Code by virtue of his appointment as judicial manager by the Brazilian Court, which grants him the power to, among other things, supervise the reorganization of the Debtor and to investigate the actual causes of the reorganization and, when necessary, pursue causes of action for the benefit of creditors.

(b)     The Brazilian Proceeding qualifies as a "foreign proceeding" under section 101(23) of the Bankruptcy Code because it is a judicial proceeding pending in a Brazilian court under the bankruptcy laws of Brazil for the purpose of reorganization. *See Id.*

(c)     The Brazilian Proceeding further qualifies as a "foreign main proceeding" because the Brazilian Proceeding is a foreign proceeding pending in Brazil, which is the Debtor's center of main interests. *See Id.*

(d)     To the extent section 109(a) of the Bankruptcy Code applies in Chapter 15 cases, the Debtor qualifies as a "debtor" under section 109(a) because the Debtor is the subject of a foreign proceeding and has assets in the United States, which include a retainer on deposit with the Sequor Law, P.A. law firm.

(e)     Lastly, this Verified Motion is accompanied by the Brazilian Court's Order granting the court-approved reorganization of the Debtor and appointing the Foreign Representative as foreign representative. *See* Ex. A.  Further, the Statements required by Rule 1515(c) and Fed. R. Bankr. P. 1007(a)(4) are being filed together herewith. *See* Ex. C.

## RELIEF REQUESTED

2.     By this Verified Motion, the Foreign Representative respectfully requests an Order pursuant to sections 105(a), 1507, 1517, 1520 and 1521 of the Bankruptcy Code, substantially in the form of the Proposed Order, attached hereto as **Exhibit "D"**, granting the following relief:

(a)     Recognizing the Brazilian Proceeding as a "foreign main proceeding" and the Foreign Representative as the foreign representative of the Debtor.

(b)     Granting the relief allowable as of right upon recognition of a foreign main proceeding under section 1520 of the Bankruptcy Code;

(c)     Granting the following additional relief under section 1521 of the Bankruptcy Code:

(1)     staying the commencement or continuation of any action or proceeding without the consent of the Foreign Representative concerning rights, obligations or liabilities of the Debtor, the Debtor's estate to the extent not stayed under section 1520(a) of the Bankruptcy Code;

(2)      staying execution against the Debtor to the extent not stayed under §

1520(a);

(3)      suspending the right to transfer or otherwise dispose of any assets of the

Debtor to the extent this right has not been suspended under section 1520(a);

(4)      providing for the examination of witnesses, the taking of evidence, and the

delivery of information concerning the assets, affairs, rights, obligations or liability of the Debtor,

the Debtor's estate under § 1521(a)(4), the Federal Rules of Bankruptcy Procedure, including Fed.

R. Bankr. P. 2004, and Local Rule 2004-1;

(5)      entrusting the administration or realization of all of the assets of the

Debtor's within the territorial jurisdiction of the United States to the Foreign Representative;

(6)      entrusting the distribution of all or part of the assets of the Debtor located

within the United States to the Foreign Representative;

(7)      otherwise granting comity to and giving full force and effect to the Orders

of the Brazilian Court attached as composite Ex. B; and

(d)      granting the Foreign Representative such other and further relief as this Court may

deem just and proper.

## CONCLUSION

WHEREFORE, the Foreign Representative respectfully requests that the Court enter an

Order granting the relief requested herein and such other and further relief as the Court deems just

and proper.

## 28 U.S.C. § 1746 VERIFICATION

I verify under penalty of perjury under the laws of the United States of America that the foregoing Verified Motion is true and correct.

Executed in _____ on February 05 , 2019

_Otávio de Paoli Balbino de Almeida Lima_
Otávio de Paoli Balbino de Almeida Lima

Dated: February 5, 2019

Respectfully submitted,

**SEQUOR LAW, P.A.**
1001 Brickell Bay Dr., 9th Floor
Miami, Florida 33131
Telephone: (305) 372-8282
Facsimile: (305) 372-8202
Email: ggrossman@sequorlaw.com
        bdecamargo@sequorlaw.com

By:    _/s/ Gregory S. Grossman_
        Gregory S. Grossman
        Florida Bar No.: 896667
        Bruno de Camargo
        Florida Bar No.: 117588

*EXHIBIT "A"*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

MARANGONI TREAD LATINO AMERICA            Chapter 15
INDUSTRIA E COMERCIO DE ARTEFATOS
DE BORRACHA LTDA                          Case No.:

      Debtor in a Foreign Proceeding.
_____/

### DECLARATION OF THE FOREIGN REPRESENTATIVE IN SUPPORT OF CHAPTER 15 PETITION FOR RECOGNITION OF A FOREIGN PROCEEDING

      I, Otávio de Paoli Balbino de Almeida Lima, hereby declare under penalty of perjury under the laws of the United States as follows:

      1.      I am over the age of 18 and I am competent to make this Declaration. All statements contained herein of the Debtor's operations and financial condition are true to the best of my knowledge, my review of the relevant documents and from conversations with relevant personnel. If called upon, I could testify as to all matters set forth in this declaration based upon my own personal knowledge, except for those portions specified as being otherwise. I am a native Portuguese speaker and sufficiently proficient in written English. I have sworn to the contents of this Declaration in Portuguese and do so again in English here.

      2.      This Declaration is submitted in support of the Chapter 15 Petition for Recognition of a Foreign Proceeding (the "Petition") and the Verified Petition for Order Granting Recognition of Foreign Main Proceeding Pursuant to §§ 1515 and 1517 of the Bankruptcy Code (the "Verified Motion")[1], seeking entry of an Order granting (i) recognition of the Brazilian Proceeding as a

_____

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them

"foreign main proceeding" pursuant to section 1517 of the Bankruptcy Code; (ii) related relief under sections 1520, 1521; and (iii) other applicable relief under the Bankruptcy Code.

3.     On or about September 14, 2017, Marangoni Tread Latino America Industria e Comercio de Artefatos de Borracha Ltda (the "Debtor") filed a petition with the Second Civil Court of Lagoa Santa, Minas Gerais (the "Brazilian Court"), Case No. 0061482-60.2017.8.13.0148, for an order authorizing the reorganization of the Debtor under the applicable Brazilian law (the "Brazilian Proceeding"). On or about November 13, 2017, the Brazilian Court entered a decree approving the application for reorganization of the Debtor (the "Decree"). A true and correct copy of the Decree is attached hereto as **Exhibit "1"**.

4.     The Decree appointed my law firm, Paoli Balbino & Barros Sociedade de Advogados, the "judicial administrator" of the Debtor in the Brazilian Proceeding.[2] The duties of the judicial administrator during a reorganization proceeding includes the authority to conduct investigations of the actual causes of the insolvency, of conflict of interests that may exist between the Debtor and its management, and, when necessary, and after authorized by the supervising Judge, the filing of available causes of action for the benefit of the creditors.

5.     In addition to a judicial administrator, the Brazilian Court appointed an expert accountant, *sua sponte*, to review the books and all prior transactions of the Debtor, because of inconsistencies noted by the Court.

---

in the Verified Motion.

[2] Under Brazilian law, in a reorganization proceeding, the debtor and its managers retain control of the debtor's business operations under the monitoring of a creditors' committee (if any) and the judicial administrator. Management's control can be ousted if, for instance, the Debtor or its managers act unlawfully, inappropriately, or against the interests of the creditors.

6.     Later, on January 25, 2019, the Brazilian Court named me the judicial manager and recognized me as the foreign representative of the Foreign Proceeding ("Appointment Order"). A "judicial manager" is similar to a judicial administrator but such office can hold additional and expanded powers. A judicial manager can, under Brazilian law, manage the company and/or file claims on behalf of the company, if duly authorized. A true and correct copy of a Judicial Certification of the Appointment Order is attached hereto as **Exhibit "2"**.

7.     Accordingly, I am qualified under Brazilian law to serve as judicial manager for the Debtor's reorganization proceeding and have the explicit authority to act as the Debtor's foreign representative to seek Chapter 15 recognition of the Brazilian Proceeding.

8.     For the reasons set forth below, I am advised of the following: (i) that I am a duly appointed "foreign representative" of the Brazilian Proceeding; (ii) that the Brazilian Proceeding constitutes a "foreign main proceeding" within the meaning of section 101(23) and (24) of the Bankruptcy Code, respectively; (ii) that this case was properly commenced in accordance with the requirements of the Bankruptcy Code; and (iii) that the Brazilian Proceeding satisfies all the requirements to be recognized as a "foreign main proceeding" under the Bankruptcy Code.

### The Debtor and Its Business

9.     The Debtor is the Brazilian subsidiary of the Marangoni conglomerate (the "Conglomerate"). The Conglomerate is one of the leading brands in the tire industry. After 70 years in the industry, the Conglomerate is known worldwide for tire retreading, design and manufacturing, and production of industrial tires and compounds.

10.     The Debtor was incorporated in 1998 and was the sole subsidiary of the Conglomerate in South America at the time. The Debtor is owned and controlled by Italian

companies Marangoni, S.p.A., and Eurorubber, S.p.A. (collectively, the "Italian Companies"),
which are also part of the Conglomerate.

11.     The Debtor enjoyed success throughout South America, and in turn established
subsidiaries of its own. One year prior to the initialization of the Brazilian Proceedings, the Debtor
owned and controlled 51 percent of Marangoni Argentina, S.A. ("Argentinean Subsidiary"), and
99 percent of Brazilian companies RT Uberaba Reforma de Pneus Ltda, RT Itajai Reforma de
Pneus Ltda, and RT Bicas Reforma de Pneus Ltda (collectively, the "Brazilian Subsidiaries"). The
diagram below shows the ownership structure as it was prior to start of the Brazilian Proceedings:



12.     Despite the growth, the Debtor declared a debt of approximately R$57,458,109.96
Brazilian Reais, allegedly caused by the Brazilian economic downturn in 2014/2015, low sales,
payment defaults, and increased price of rubber. It appears that the Debtor has since sold or

transferred its shares in the Argentinean Subsidiary and the Brazilian Subsidiaries, for little or no consideration, and which may have caused a negative impact to the Debtor's reorganization efforts.

### The Debtor's Reorganization Process

13.     The Brazilian Proceedings were initiated in September, 2017. In November, 2017, the Brazilian Court issued the Decree approving the reorganization request and appointing a judicial administrator, as well as appointing, *sua sponte*, an expert accountant.

14.     The Brazilian Court instructed the expert accountant to audit the financial books of the Debtor and identify any potential inconsistencies therein and compare the listed creditors with creditors identified in the financial books. In addition, the Brazilian Court instructed the expert accountant to conduct a forensic audit on transactions between the Debtor and the Italian Companies, Argentinean Subsidiary, and the Brazilian Subsidiaries, and, also, to identify the liquidity of the company's assets.

15.     At the end of his investigation, the expert accountant was able to identify several inconsistences between the balance sheets and the financial books provided, and concluded that there were a number of transactions between the Debtor and the Argentinean Subsidiary and Brazilian Subsidiaries that had detrimental impacts to the Debtor's finances. The expert report has been submitted to the Brazilian Court, who will make the ultimate findings on the inconsistencies.

16.     The investigations also identified that the United States Subsidiary, the Italian Companies and the Argentinian Subsidiary of the Conglomerate may have caused the aggravation of the financial situation of the Debtor, and that the Subsidiaries may have acquired products manufactured by the Debtor for a value bellow its production costs. As a result, I was appointed judicial manager and foreign representative on January, 25, 2019, to investigate transactions of the

Debtor and its subsidiaries with the US subsidiary of the Conglomerate, other US entities, or other insiders and affiliates.

**Debtor's Grounds for Recognition**

17.     The January 25, 2019, Brazilian Court's Certification of the Appointment Order explicitly confirmed my powers to, among other things, manage the affairs of the Debtor in accordance with the reorganization plan proposed. Further, the Court's Certification of the Appointment Order expressly confirmed my powers as the foreign representative of the Debtor, and the ability to initiate ancillary bankruptcy proceedings in the United States.

18.     As stated above, the expert accountant found numerous issues with the Debtor's balance sheets and financial books of the Debtor. The accountant also found transactions with identifiable negative impact to the Debtor's general finances. As judicial manager, I am conducting an analysis of the Debtor, its subsidiaries, and their transactions, to understand the activities that led to the filing of the Brazilian Proceeding. In particular, as foreign representative, I need to investigate the business affairs and dealings of the Debtor's principals and other relevant related companies to, among other things, reconstruct their affairs in relation to the Debtor and the resulting Brazilian Proceeding.

19.     Through the investigations of the Debtor I have come to believe that the Debtor may have had transactions with the US subsidiary of the Conglomerate and other American companies, directly and through the Debtor's subsidiaries. As a result, I hope to investigate the nature and extent of any activities undertaken in the United States that may be related to the Debtor and the assets of the Debtor. Also, I need to investigate the possibility that assets in the United States may have been acquired using funds belonging to the Debtor.

20.     Thereafter, I would hope to make recoveries to the extent possible, including by filing proceedings and asserting such proprietary claims as may be available to me in the United

States. I may also bring claims against any third parties that are subject to suit and may have damaged or owe money to the Debtor in the United States, which may be subject of tracing claims.

21.     The result of the actions described above, for which recognition of the Bankruptcy Proceedings by this Court, as requested in the Petition, is necessary, will benefit the creditors because it will permit creditors of the Debtor further recovery opportunities in order to collect on their claims.

### Compliance with Federal Rule of Bankruptcy Procedure 1007(a)(4)

22.     I hereby file the following information in accordance with Federal Rule of Bankruptcy Procedure 1007(a)(4) :

a.      I, Otávio de Paoli Balbino de Almeida Lima, am the duly appointed "judicial manager" in the Brazilian Proceeding and the authorized foreign representative of the Debtor.

b.      My address is as follows:

Rua Alagoas, 1.000, Sl. 1307 - Funcionários
Belo Horizonte, Minas Gerais, Brazil
CEP 30130-160

For purposes of this Proceeding, I respectfully request that any correspondence be sent, in addition to the address provided above, to:

Attn: Gregory S. Grossman
Bruno de Camargo
Sequor Law, P.A.
1001 Brickell Bay Drive, 9th Floor
Miami, Florida 33131

c.      The Debtor is not a party to litigation in the United States.

d.      No provisional relief is being sought under 11 U.S.C. § 1519 against any particular entity or person at this time. However, the Foreign Representative of the Debtor,

reserves the right to seek provisional relief as needed.

### Section 1515(c) Statement

23.    I am not aware of any foreign proceedings, as that term is defined under section 101(23) of the Bankruptcy Code, of the Debtor other than this Chapter 15 Petition.

I, Otávio de Paoli Balbino de Almeida Lima, declare under penalty of perjury under the laws of the United States of America, 28 U.S.C. § 1746, that I am the representative of the court-approved reorganization of MARANGONI TREAD LATINO AMERICA INDUSTRIA E COMERCIO DE ARTEFATOS DE BORRACHA LTDA, and that, in such capacity, I have the authority to make the foregoing Declaration; and that the facts and matters alleged and contained herein are true and correct to the best of my knowledge and belief, based upon my own personal knowledge of the facts involved and upon my review of the available documents pertaining to MARANGONI TREAD LATINO AMERICA INDUSTRIA E COMERCIO DE ARTEFATOS DE BORRACHA LTDA.

Dated this 05 of February, 2019

Otávio de Paoli Balbino de Almeida Lima

for and on behalf of MARANGONI TREAD
LATINO AMERICA INDUSTRIA E COMERCIO
DE ARTEFATOS DE BORRACHA LTDA,
company in court-approved reorganization.

*EXHIBIT "D/1"*

[handwriting number and diagonal line:] 1428

> *C O N C L U S I O N*
> On 11/12/2017, I submitted the case file to the district judge, to be taken under advisement.
>
> _____
> [signature]
> Clerk

[illegible handwriting along right margin]

**WHEREAS ETC.**

**MARANGONI TREAD LATINO AMÉRICA INDÚSTRIA E COMÉRCIO DE ARTEFATOS DE BORRACHA LTDA**, with registered address in this city at Rodovia LMG 800, Km 01, s/n, on this date, 9.14.2017, submitted this **PETITION FOR JUDICIAL REORGANIZATION**.

To start, the petitioner states that it was founded in 1998, has been working in the tire industry since then, and is duly registered at the Business Registry. The petitioner asserts that the quality of its services and products afforded it an enviable position on the market compared to competitors and that it has adopted modern technology that has made it a leader in its sector and highly regarded by customers, suppliers and lending institutions. It currently has 117 direct employees and provides 500 indirect jobs, while also having countless partners. The petitioner asserts that it holds a very important position in the local and national economy considering the many significant contributions it makes, in addition to other duties it fulfills.

The petitioner asserts, as grounds for its petition for judicial petition for judicial reorganization, that its profits fell due to a drop in sales, fewer customer orders, some customers' failure to pay, high

taxes, the ensuing costly search for credit in an expensive financial market and new credit restrictions imposed by suppliers as a result of seeking new payment schedules with them, making it impossible to fulfill assumed obligations, all as a consequence of the [illegible handwriting along right margin] drastically contracted domestic economy that has affected all sectors since 2014/2015, even the automobile industry, where it is a player, not to mention the high cost of rubber – its raw material – on the international market, the decision of some creditors to take legal action or protest their securities, and even calls for bankruptcy that shook its credit in the market. The measures implemented have not been enough to overcome the crisis, and have given rise to the need to urgently process its petition for judicial reorganization in order to provide it time to rebalance its books and overcome the momentary crisis it has been facing.

The petitioner asserts that it is in compliance with all of the requirements established by Law 11.101/2005 to qualify for reorganization proceedings, having applied for relief and filed exhibits.

After the court's jurisdiction was established for the record, the decision on pp. 306-307 was rendered and published on 10.10.2017, requiring the petitioner to amend its initial petition and file amended accounting documents, asset lists, income tax returns filed by the managing director, an amended list of creditors, an amended cash flow statement, an amended estimate of court costs and a draft of the preliminary costs.

Once notified, as reflected in pp. 325-339 of the petition and the exhibits appended thereto, the petitioner partially complied with the notice, asserting that it filed its interlocutory appeal only in regard to the portion of the decision requiring a list of assets of foreign partners and documents showing ownership thereof, an analysis of accounting statements with explicatory notes, and the managing director's/CEO's income tax returns from the last three years.

[handwriting number and diagonal line:] 1429

In the aforementioned petition, the petitioner asserted that the balance sheets of its foreign partners already showed their assets, and, thus, it was unnecessary, untimely and onerous to prepare and translate a list of assets and supporting documents because it has already filed the audit report, the translation thereof, and the explicatory notes of the balances explaining that the foreign partners hold industrial equipment/machinery, chattels and real property.

[illegible handwriting along right margin]

The petitioner asserted that the managing director had already submitted a list of assets and that it was unnecessary and illicit to require tax returns from the last three years, and also violates tax and asset confidentiality.

The petitioner also questioned the legality of requiring the analytical balance sheets and included a detailed audit report about its balance sheets.

Lastly, the petitioner maintained that it has complied with all of the requirements to qualify for judicial reorganization, as it is urgent there be an initial decision to ensure legal certainty regarding the initial petition, suspend execution and cease judicial encumbrance of its property and assets, although the petitioner remains available to provide additional documentation and agrees to provide such documentation within any given period of at least 30 days.

A copy of the interlocutory appeal was filed by the petitioner as reflected by p. 1256 et seq.

The decision ordering amendment of the initial petition and filing of exhibits, pp. 306-307, arose from the court's preliminary accounting analysis, which noted mistakes and inconsistencies in the exhibits, which were virtually all cured with the amended petition.

After the petition was filed and it was taken under advisement, this Court ordered an emergency audit on site at the petitioner's headquarters as reflected on pp. 1386-1387, which was entrusted to

Dr. Otávio De Paoli Balbino (OAB/MG [Minas Gerais Bar Association] 123.643) and Dr. Cleber Batista de Sousa (CRC/MG Minas Gerais Regional Accountants Board] 055861/O), pursuant to a special judicial permit.

[illegible handwriting along right margin]

As reflected by the report on record, the on-site audit observed the petitioner's normal operations and activities, the presence of employees, the existence of industrial equipment and inventory.

This is the background of the case.

DECISION.

This is a matter of a petition for judicial reorganization filed by a limited liability company established and registered in 1998, with headquarters and activities in this city of Lagoa Santa.

The petitioner proved that it did not commit any of the infractions listed in Art. 48 of the LRF [Lei de Responsabilidade Fiscal (Fiscal Responsibility Act)].

The petitioner offered the documents required by Art. 51 of the LRF and partially complied with the decision on pp. 306-307, which required the petitioner to amend its petition and file additional documentation; thus, the only remaining item is the list of assets of its foreign partners. Yet, despite filing an interlocutory appeal, the petitioner filed copies of its managing director's/CEO's last three income tax returns, and the petitioner also filed the audit reports and explicatory notes relating to the aforementioned condensed balance sheet.

Regarding compliance with the items in Art. 51 of the LRF, preliminarily, the following has been confirmed:

Item I – A reasonable and convincing explanation of the assets and causes of the financial crisis the company is experiencing was made (initial petition-vol. 01).

Item II – Accounting statements from the last three fiscal years and a special statement prepared for the petition were filed, such that the exhibits laying the grounds for the amended petition

[handwriting number and diagonal line:] 1430

included audit reports and explicatory notes that clarify the balance sheet information.

The petitioner also filed an amended cash flow statement and its projected estimate for

the next five years, which is to be re-ratified after the petitioner's reorganization plan has

been submitted (exhibits of initial petition - vol. 01 and vol. 03).

[illegible handwriting along right margin]

Item III – Complete, amended lists of creditors subject to judicial reorganization were submitted, reflected on pp. 547-585 (exhibits vol. 03, providing a basis for the amended petition, pp. 325-339).

Item IV – A list of employees was submitted (exhibits of initial petition - vol. 1).

Item V – Certificates of good standing at the public business registry, copies of the company's articles of incorporation and amendments, and the document appointing the current CEO/managing director were submitted (initial petition exhibits - vol. 01 and amended petition exhibits - vol. 04-06).

Item VII – Investment and bank statement summaries were submitted (initial petition exhibits - vol. 01).

Item VIII – Certificates of protest were submitted (initial petition exhibits - vol. 01).

Item IX – A list of lawsuits to which the petitioner is a party was submitted (initial petition exhibits – vol. 01).

Item VI – And a list of the CEO's/managing director's assets was submitted, but **a list of assets of two partners is still outstanding** and is required for the decision concerning the amended petition, pp. 306-307 - vol. 02, pursuant to Art. 51, VI, of the LRF.

The petitioner filed an interlocutory appeal to waive the requirement to submit a list of assets of these partners, arguing that the assets listed on the balance sheets filed with the initial petition already show these assets.

[illegible handwriting along right margin]

However, according to the website of the distinguished TJMG [Tribunal de Justiça de Minas Gerais (Minas Gerais Court)], this interlocutory appeal was assigned on 10/30/2017 under No. 1.0148.17.006148-2/001, and it appears a waiver has not been waived. On the contrary, on 11/8/2017, the petitioner was served notice to respond, within 5 (five) days, regarding the *"possible dismissal of the interlocutory appeal in light of the limiting scenarios provided by Art. 1.015 of the CPC [Código de Procedimento Civil (Code of Civil Procedure)]/2015."* As such, the decision is in full force and effect.

Furthermore, the LRF requires a list of partners' assets of any company petitioning for judicial reorganization. A condensed balance sheet showing assets does not identify or detail the assets that constitute the assets of the companies who are partners with the petitioner, and it cannot replace an itemized list of their assets.

Generic item names, along with their values, on the balance sheets of these partners, who also happen to be foreign companies, without a specific description of each asset, cannot substitute the list required by Law 11.101/05.

I will explain. If the balance sheet shows real property as an asset, it does not specify which property it is, its location or its registration number; if vehicles are listed as an asset, it does not specify which vehicles, year, plate, or vehicle registration number; if equipment is shown as an asset, it does not show how many or the nature and characteristics thereof, and so on and so forth for any other assets.

Therefore, the petitioner's argument that a balance sheet can replace a list of partners' assets does not hold up. Thus, the requirement to file such list

is upheld, and the petitioner, as requested in the amended petition, has 30 (thirty) days to comply, as shall be made apparent at the end hereof.

[handwriting number and diagonal line:] 1431

Regarding the CEO's/managing director's assets, a list of assets was filed with the initial petition but only showed the managing director's assets in other companies, thus revealing that the list filed with the initial petition was incomplete and concealed assets because a managing director of a large company surely has his/her own personal assets.

[illegible handwriting along right margin]

Consequently, the reason to require a copy of the last three years' tax returns filed with the Treasury Department arose from concealing the CEO's/managing director's assets, given that, when it complied with the notice and filed copies of the tax returns, the petitioner asked that filing and copies be stricken from the record based on confidentiality of tax records, which is a request that should be granted, as will be explained further on.

Furthermore, while the Court understands the presumption of good faith, to help arrive at a decision, it has ordered an on-site audit, via a special judicial permit, at the industrial park located in this district in order to observe the company's actual operations, employees, facilities, equipment and inventory. This audit was conducted by Dr. Otávio De Paoli Balbino (attorney), and Cleber Batista de Sousa (accountant), who submitted a report on the activities, including photographs.

During the audit, the petitioner's real, actual operations, employees, equipment and inventory were observed, albeit with difficulty given the financial crisis it is experiencing, as described in the initial petition.

Note that the need for the audit arose, primarily, from the many mistakes and inconsistencies in the accounting

submitted, leading to the order to amend the petition and file new exhibits, with which the petitioner complied in part, leaving for the start of this proceeding only the list of [illegible handwriting along right margin] assets of its partnering companies, as previously mentioned. Another inconsistency discovered, which was already reflected in the prior order, was the discrepancy with the information contained in the MARANGONI petition claiming that 30 employees will stop being paid (pp. 131-132 of the execution proceedings in case No. 0051624-05.2017.8.13.0148) and the information contained in the initial petition for judicial reorganization to the effect that the petitioner has 117 direct employees (p. 05 of the case file of the court order).

As regards the documentation required by the LRF, and the verification thereof, CNJ Ordinance No. 15/2016 was revised, whereby the National Judicial Review Board (CNJ) recommended that the 1st Business Court of Belo Horizonte (after conducting an inspection from May 9-13, 2016 – Inspection No. 0001870-51.2016.2.00.0000) conduct a preliminary investigation prior to granting judicial reorganization, for the specific purpose of determining whether the documentation submitted is congruent with the company's books.

Later, the TJMG judicial review board revised Recommendation No. 9/2017 (DJE [Diário do Judiciário Eletrônico (Electronic Judicial Gazette)] (TJMG – Revision 113/2017), which "Recommended producing expert evidence after the petition for judicial reorganization has been filed in instances where it is not possible to plainly confirm that the requirements of Art. 51, Law 11.101, of February 9, 2005, have been met or the maximum time limit for submitting the expert opinion to the court."

In this way, while the documentation submitted may seem to be in good order in the eyes of the court, which does not have a multidisciplinary technical team to examine the documentation filed by the debtor,

[handwriting number and diagonal line:] 1432

it is appropriate to appoint an expert to provide an initial expert opinion.

That fact is, although TJMG Recommendation No. 9/2017 calls for an expert analysis prior to granting judicial reorganization, this court is aware that the petitioner has [illegible handwriting along right margin] suffered several asset freezes that may prevent it from conducting its normal business activities.

Given that the petition for judicial reorganization was assigned on 09/14/2017, i.e., nearly two months ago, placing the company in a vulnerable position, it does not seem reasonable to require the petitioner to wait through any further proceedings prior to granting reorganization.

The petitioner has an undeniable social function in the district and, although it is experiencing alleged temporary economic difficulties, it is a large industrial business that, when operating, provides direct and indirect jobs, not to mention countless business partners, in addition to circulating income and generating tax income for the public good, not to mention the fact that, as part of the tire manufacturing sector, it has always supplied and met a large demand for such products and services nationwide.

The petitioner's alleged temporary economic and financial crisis may be mitigated by granting judicial reorganization, as it involves suspending executions of creditors subject to reorganization, involves suspending the effects of protested instruments subject to reorganization, involves the possible novation of debts subject to reorganization, assuming the proposed plan is approved by creditors, which might help the petitioner resume business, lines of credit and billing, so that it may

gradually increase and maintain production, as intended by Art. 47 of Law 11.101/05.

Thus, despite the need to provide documents and information in a timely manner, it is appropriate to grant judicial reorganization.

**THEREFORE,** in light of the foregoing and the principles governing this court, [illegible handwriting along right margin] **JUDICIAL REORGANIZATION IS GRANTED for Marangoni Tread Latino América Indústria e Comércio de Artefactos de Borracha Ltda**, CNJP [Business ID] 02.551.474.0001-57, registered office at Rodovia LMG 800, Km 01, s/n, Lagoa Santa/MG. Accordingly, pursuant to Art. 22, 51 and 52 of Law 11.101/2005:

a) The law firm of **PAOLI BALBINO & BARROS SOCIEDADE DE ADVOGADOS,** CNPJ NO. 22.714.890/0001-36, duly represented by **Dr. Otávio De Paoli Balbino** OAB/MG 123.643, address at Rua Alagoas 1000, sl. 1303, Funcionários, Belo Horizonte/MG, contact (31) 3656-1514, email contato@pbbadvogados.com.br, is **APPOINTED** as a trustee.

b) **DRAFT** an agreement to be signed within 48 hours, should the appointment be accepted.

If accepted, the trustee is **ORDERED** to create an Internet website for the judicial reorganization so as to make the entire case file available to the interested parties electronically. The web address shall be recorded in the case file.

c) In accordance with Art. 24 of the LRF, the trustee's remuneration shall be set based on the debtor's ability to pay, the degree of complexity of the work performed and prevailing market rates, and may be set up to 5% of the liabilities subject to judicial reorganization (§1).

[handwriting number and diagonal line:] 1433

n) **SERVE NOTICE** to the petitioner to submit its monthly balances on the 10th day of month, with any clarifications and other documents the expert or trustee may come to request.

o) Regarding the decision ordering MARANGONI S. P. A. and EURORUBBER S. P. A. to submit a list of assets, including assets outside Brazil, along with official documentation showing ownership and translations thereof, notice is **ORDERED** served to the petitioner to submit such documentation within the 30-day (thirty) period established for such purposes, as requested by the petitioner in the initial petition.

p) The tax returns on pp. 342-363 of the case file are **ORDERED** stricken from the record and copies thereof shall be filed in a safe deposit box in the clerk's office under seal on grounds of tax confidentiality.

**SERVE NOTICE.**
Lagoa Santa, November 13, 2017.

[signature]

**CARLOS ALEXANDRE ROMANO CARVALHO**
**COURT JUDGE**

D A T E
on this  14th  day of ____11____, 20_17_

[remainder of text is illegible]

[handwriting number and diagonal line:]
1435

<div style="border:1px solid">

*C O N C L U S I O N*

On <u>11/14/2017</u>, I submitted case file to the district judge, to be taken under advisement.

_____
[signature]
Clerk

</div>

[illegible handwriting along right margin]

**CASE NO. 17/6148-2**

**WHEREAS ETC.**

In light of the wording of the certificate on p. 1434, I see that, in fact, the previous decision (pp. 1428-1433) is incomplete.

Thus, to supplement the dispositive portion of this decision, this court FINDS the following:

**THEREFORE,** in light of the foregoing and the principles governing this court,

**REORGANIZATION IS GRANTED for Marangoni Tread Latino América Indústria e Comércio de Artefactos de Borracha Ltda**, CNJP [Business ID] 02.551.474.0001-57, registered office at Rodovia LMG 800, Km 01, s/n, Lagoa Santa/MG. Accordingly, pursuant to Art. 22, 51 and 52 of Law 11.101/2005:

a) The law firm of **PAOLI BALBINO & BARROS SOCIEDADE DE ADVOGADOS,** CNPJ NO. 22.714.890/0001-36, duly represented by **Dr. Otávio De Paoli Balbino,** OAB/MG 123.643, address at Rua Alagoas 1000, sl. 1303, Funcionários, Belo Horizonte/MG, contact (31) 3656-1514, email <u>contato@pbbadvogados.com.br</u>, is **APPOINTED** as a trustee.

b) **DRAFT** an agreement to be signed within 48 hours, should the appointment be accepted.

[illegible handwriting along right margin]

If accepted, the trustee is **ORDERED** to create an Internet website for the reorganization so as to make the entire case file available to the interested parties electronically. The web address shall be recorded in the case file.

c) In accordance with Art. 24 of the LRF, the trustee's remuneration shall be set based on the debtor's ability to pay, the degree of complexity of the work performed and prevailing market rates, and may be set at up to 5% of the liabilities subject to judicial reorganization (§1).

Regarding the ability to pay, note that, even though it is in crisis, the petitioner has a monthly revenue of approximately R$ 4,000,000.00, with a gradually improving outlook forecasting net profits of R$ 5,700,000.00 to R$ 6,600,000.00 over the next five years, as reported in the annual cash flow statement on p. 57 and R$ 2,100,000.00 to R$ 2,600,000.00 over the next five years, based on the adjusted cash flow on p. 535.

Moreover, it is understood that this judicial reorganization is highly complex and will have a big impact, since it involves the subsidiary of a multinational corporation having business and trade relationships with other companies in Brazil and abroad, which may require the trustee to eventually analyze foreign documents (which is already reflected on the record, e.g. p. 466 et seq.) and extensively examine foreign business groups and operations.

Lastly, the reported liabilities subject to judicial reorganization are over R$ 58 million, and there are approximately 850 creditors, which will require

a great undertaking and effort from the trustee when verifying the claims.

[handwriting number and diagonal line:] 1436

In light of this, the trustee's remuneration is **SET** at 4% of the liabilities subject to reorganization determined to be valid after the claims verification phase, with monthly advance payments in the amount of R$ 20,000.00 for the first 3 months and R$ 30,000.00 for the months thereafter, subject to subsequent further increase at the court's discretion if determined to be viable, to be paid on the 5th day of each month. The first payment is due on 12/05/2017 and shall be deposited directly into a bank account of the trustee's choice. Record of the monthly payments shall be added to the case file.

[illegible handwriting along right margin]

d) Given the large number of creditors, and considering the initial costs the trustee will incur as part of the judicial reorganization process, the petitioner is **ORDERED** to make an advance payment of R$ 10,000.00 directly to the trustee for expenses incurred to issue letters to creditors and any other necessary expenses, with timely accounting for such expenses.

e) Given the complexity of the case and the volume of documents submitted, Dr. Cleber Batista de Sousa, CRC/MG 055861-O, with address at Av. Abrahão Caram, 820, cj. 1010, Belo Horizonte/MG, contact at (31) 99324-0568 and cleber@batistaeassociados.com.br, is **APPOINTED** as an expert accountant for 2 (two) different tasks, namely:

e.1) Expert accountant task one: Perform an initial expert analysis (that has a scope in accordance with Recommendation No. 9/2017 by the TJMG judicial review board and CNJ Ordinance No. 15/2016 of National Judicial Review Board but does not, given that an expert analysis is already underway as part of the reorganization granted, hinder

the petitioner's activity) the scope of which shall be: a) verify whether the exhibits submitted by the petitioner are consistent with the company's books; b) examine the operations of the other companies in the petitioner's business group; c) compare the list of creditors with the company's accounting statements and books; d) check the liquidity of the reported assets.

[illegible handwriting along right margin]

A period of 60 (sixty) days is **SET** to complete the initial expert tasks, which may be extended at the expert's request for good cause, given the complexity and eventual volume of information.

For this task, the expert's fees are **SET** in the amount of R$ 20,000.00, which shall be deposited at the court within 48 hours so that the expert may start this task immediately. The initial costs are subject to a 50% increase with special permission from the court after the petitioner makes the initial payment.

The rest of the expert's fees shall be paid after the expert's report has been submitted and the court has had time to raise any questions regarding it.

e.2) Expert accountant task two: Monitor and assist with the reorganization process on a monthly basis by analyzing monthly balances, examining bookkeeping inherent to the petitioner's activities, verifying claims and preparing lists/tables of qualifying creditors.

For this task, the expert's fees are **SET** in the amount of R$ 6,000.00, which shall be paid directly to the expert accountant in an account of his choice on the 5th day of each month, the first of which shall be due on 12/05/17.

**SERVE NOTICE** to the expert accountant and prepare an agreement for signing and incorporating into the record, should he accept the appointment.

f) Documents (accounting or otherwise), books, or asset, business and contract [handwriting number and diagonal line:] 1437 information may be requested or ordered at any time either by the judge or the trustee, and the trustee is henceforth authorized to do so pursuant to Art. 51, § 1 and Art. 22, I, "d," and II, "a" of Law 11.101/05, regardless of any ancillary steps taken of its own [illegible handwriting along right margin] initiative.

g) The petitioner is **RELEASED** from obtaining tax clearance certificates so it may pursue its activities, unless otherwise required by law (REsp. 1.658.042 and Precedent 55 of Business Law Seminar No. 1).

h) All lawsuits and executions against the petitioner are **ORDERED** suspended, save those exempted by law, for 180 (one hundred eighty) business days (Art. 6, § 4 of the LRF), subject to Art. 219 of the CPC/2015 as understood by most courts. On this topic: TJMG, Interlocutory Appeal 1.0000.17.030507-2/002, Reporting Judge: Hon. Áurea Brasil, 5TH CIVIL DIVISION, judgment on 08/10/0017, published in case law on 08/17/2017; TJSP [Tribunal de Justiça de São Paulo (Sao Paulo Court)], Interlocutory Appeal 2147893-05.2016.8.26.0000, Reporting Judge Francisco Loureiro, Judgment on 03.29.2017, 1st Business Law Division, Published on 05.29.2017; TJSP, Interlocutory Appeal 2210315-16.2016.8.26.0000, Reporting Judge: Hamid Bdine, Judgment on 03.16.2017, 1st Business Law Division, Published on 03.16.2017).

i) **SERVE NOTICE** of this decision to the Public Prosecutor's office and to all federal, state and municipal government treasuries where the petitioner has registered offices or subsidiaries.

j) An official letter is **ORDERED** remitted to the Business Registry communicating the information contained in this decision so that they may write the note "in reorganization" on the petitioner's record.

k) The clerk is **ORDERED** to publish notice in accordance with Art. 52, §1 of the LRF, containing a summary of the initial petition, the contents of this decision and an amended list of creditors on pp. 547-585.

l) The debtor is **ORDERED** to submit the amended list of creditors using digital media **in editable .xls format** to the trustee and the court clerk.

m) Henceforth, the petitioner is **ADVISED** that, during reorganization, it is barred from selling, leasing or encumbering assets, except inventory, selling, assigning/transferring company shares or changing CEO/managing director without the court's prior knowledge and consent, and making advance or priority payments to any creditors to the detriment of others.

n) **SERVE NOTICE** to the petitioner to submit its monthly balances on the 10th day of each month, with any clarifications or other documents the expert or trustee may come to request.

o) Regarding the decision ordering MARANGONI S. P. A. and EURORUBBER S. P. A. to submit a list of assets, including assets outside Brazil, along with official documentation showing ownership and translations thereof, notice is **ORDERED** served to the petitioner to submit such documentation within the 30-day (thirty) period established for such purpose, as requested by the petitioner in the initial petition.

p) The tax returns on pp. 342-363 of the case file are **ORDERED** stricken from the record and copies thereof shall be filed in a safe deposit box in the clerk's office under seal on grounds of tax confidentiality.

**SERVE NOTICE.**
Lagoa Santa, November 14, 2017.

[signature]

CARLOS ALEXANDRE ROMANO CARVALHO
COURT JUDGE

D A T E
on this  14th  day of  ____11____ , 2017

[remainder of text is illegible]



CONCLUSÃO

Aos __13|11|2017__ faço estes autos conclusos ao MM Juiz da Comarca.

_____
Secretaria

VISTOS ETC.

MARANGONI TREAD LATINO AMÉRICA INDÚSTRIA E COMÉRCIO DE ARTEFATOS DE BORRACHA LTDA, com sede nesta cidade à Rodovia LMG 800, Km 01, s/ n., na data de 14.9.2017 distribuiu o presente pedido de RECUPERAÇÃO JUDICIAL.

Na inicial a requerente informa ter sido fundada em 1998 e que atua na indústria pneumática desde então com devido registro na Junta Comercial. Alega que a qualidade de seus serviços e produtos lhe renderam posição invejável no mercado frente a grandes clientes e que adota moderna tecnologia que a tornou referência no setor, gozando do melhor conceito junto a clientes, fornecedores e organizações de crédito, possuindo atualmente 117 empregados diretos, proporcionando outros 500 empregos indiretos, além de deter inúmeros parceiros. Alega que se posiciona com grande importância no cenário econômico local e nacional diante de consideráveis e diversificados tributos que recolhe, além de outros encargos.

Alega a requerente, como causas do pedido de recuperação judicial, que suas receitas foram reduzidas em razão da redução das vendas, redução dos pedidos dos clientes, inadimplência de alguns clientes, custo tributário

elevado, consequente busca de crédito caro no mercado financeiro, restrições de crédito novo por fornecedores por ter buscado repactuação com estes, de forma a não mais poder arcar com compromissos assumidos, tudo como reflexo da notória retração da economia nacional que atingiu todos os setores desde 2014/2015, inclusive o setor automobilístico com o qual atua, sem contar a alta do preço da borracha -sua matéria prima- no mercado internacional, recrudescimento de alguns credores que optaram por ajuizar ações ou protestar seus títulos, e ainda pedidos de falência que abalaram de vez seu crédito no mercado, não tendo sido suficientes as medidas que adotou para superar a crise,  estando necessitando de urgente processamento do seu pedido de recuperação judicial, cujo deferimento proporcionará o reequilíbrio de suas contas e superação certa da crise momentânea que vem enfrentando.

A requerente alega que atende todos os requisitos exigidos pela Lei 11.101/2005 para obter o deferimento do processamento da recuperação judicial, tendo requerido o provimento do pedido e juntado documentos.

Após certidão nos autos quanto a prevenção do Juízo foi prolatada a decisão de f.306/307, publicada em 10.10.2017, em que exigiu-se da requerente a emenda da inicial, juntada e regularização de documentos contábeis, relação de bens, declaração IR do gestor, retificação da relação de credores, retificação do relatório de fluxo de caixa, retificação do valor da causa e do preparo das custas prévias.

Intimada, a requerente, conforme petição de fl.325/339 e documentos que a instrui, atendeu parte da intimação, alegando que aviou agravo de instrumento apenas em relação a parte da decisão que exigiu relação de bens das sócias estrangeiras e documentos que provam a propriedade, que exigiu demonstrações contábeis analíticas e com notas explicativas, e que exigiu declaração de IR dos três últimos anos do administrador/gestor.

Na referida petição a requerente alegou que os balanços das sócias estrangeiras já revelam os ativos delas, sendo dispensável, demorada e onerosa a confecção de relação de bens com seus comprovantes e com tradução, sendo que junta laudo de auditoria traduzido e com notas explicativas sobre tais balanços, esclarecendo que as sócias estrangeiras possuem imóveis, móveis e máquinas/equipamentos de indústria.

Alegou que o gestor já havia apresentado sua relação de bens, sendo dispensável e ilícita a exigência de declaração de IR dos três últimos anos, inclusive por quebrar sigilo fiscal e patrimonial.

A requerente também questionou a legalidade da exigência de balanços analíticos e juntou laudo detalhado de auditoria sobre seus balanços.

Por fim, sustentou que atende todos os requisitos para obter o processamento da recuperação judicial, sendo urgente a decisão inicial para que haja segurança jurídica em relação ao pedido inicial, suspensão de execuções, cessação de constrição judicial de seus bens e ativos, ainda que fique pendente a juntada de algum documento, comprometendo-se a apresentá-los em prazo a ser concedido de ao menos 30 dias.

Cópia do recurso de agravo de instrumento foi juntada pela requerente conforme f. 1256 e seg.

A decisão que ordenou a emenda da inicial e juntada de documentos, de fl. 306/307, decorreu de exame contábil prévio por parte do juízo, sendo que os equívocos e inconsistências nos documentos foram quase que todos sanados com a emenda da inicial.

Conclusos os autos após a juntada da petição da requerente, este Juízo determinou a realização de uma diligência de vistoria local e urgente na sede da requerente conforme despacho de fl. 1386/1387, cuja função foi delegada

aos Drs. Otávio De Paoli Balbino (OAB/MG 123.643) e Cleber Batista de Sousa (CRC/MG 055861/O), através de específico alvará judicial.

Na referida diligência de vistoria no local da sede, conforme relatório juntado aos Autos, constatou-se o regular funcionamento e as atividades da requerente, a presença de empregados, a existência de equipamentos da indústria e de estoque.

É o relatório.

DECIDO.

Trata-se de pedido de recuperação judicial formulado por sociedade empresária por cotas de responsabilidade limitada estabelecida e registrada desde 1998, com sede e atividades nesta cidade de Lagoa Santa.

A requerente comprovou que não incorre em nenhum dos proibitivos enumerados nos incisos do art. 48 da LRF.

A requerente ofereceu os documentos exigidos nos incisos do art. 51 da LRF, tendo em vista que atendeu em parte a decisão de fl.306/307 que exigiu emenda da inicial e documentos, sendo que apenas resta a relação de bens das sócias estrangeiras eis que, embora a requerente tenha aviado recurso de agravo de instrumento, mesmo assim juntou nos autos cópia das 3 últimas declarações de IR do administrador/gestor, assim como juntou laudos de auditorias e notas explicativas relativos aos balanços sintéticos anteriores.

Quanto ao atendimento dos incisos do art. 51 da LRF, a princípio, verifica-se que:

Inciso I — Foi feita exposição razoável e convincente da situação patrimonial e das causas da crise financeira que atravessa (inicial-vol. 01);

Inciso II — Foram apresentadas demonstrações contábeis dos 3 últimos exercícios sociais e do especial levantado para instruir o pedido, sendo que nos documentos que instruem a petição de emenda da inicial foram juntados

laudos de auditoria e notas explicativas que aclararam os dados dos balanços, também tendo sido juntado novo relatório retificado do fluxo de caixa e sua projeção estimada para cinco anos, a ser re-ratificado quando da apresentação concreta do plano de recuperação judicial, segundo a requerente (documentos da inicial - vol. 01 e vol. 03);

Inciso III – Foram apresentadas listas completas e retificadas de credores sujeitos à recuperação judicial, agora constante das f. 547/585 (documentos vol. 03 que instruíram a emenda da inicial de f. 325/339);

Inciso IV – Foi apresentada relação dos empregados (documentos da inicial - vol. 01);

Inciso V – Foram apresentadas certidões de regularidade no registro público de empresas e cópias de contrato social e suas alterações, assim como documento de nomeação do atual administrador/gestor (documentos da inicial - vol. 01 e documentos da emenda da inicial - vol. 04 até 06);

Inciso VII – Foram apresentados extratos das contas bancárias ou de investimentos (documentos da inicial - vol.01);

Inciso VIII – Foram apresentadas certidões de protestos cambiários (documentos da inicial - vol.01);

Inciso IX – Foi apresentada relação de ações judiciais em que a requerente é parte (documentos da inicial - vol.01); e

Inciso VI – Foi apresentada relação de bens do administrador/gestor mas **a relação de bens das duas sócias ainda está pendente**, sendo exigida na decisão para emenda da inicial, de fl. 306/307 - vol. 02 , conforme art. 51, VI da LRF.

A requerente recorreu via agravo de instrumento para ser eximida da apresentação de tal relação de bens das sócias, alegando que os ativos indicados nos balanços delas, juntados com a inicial, já revelam tais bens.

Contudo, conforme pesquisa realizada no site eletrônico do egrégio TJMG, referido recurso de agravo de instrumento foi distribuído em 30/10/2017, recebendo o nº de 1.0148.17.006148-2/001, não constando que tenha sido deferido o pedido de efeito suspensivo. Ao contrário, em 08/11/2017 a agravante fora intimada para se manifestar acerca no prazo de 5 (cinco) dias sobre *"possível não cabimento do recurso de agravo de instrumento, diante das hipóteses taxativas previstas no art. 1.015 do CPC/2015"*. Portanto, a decisão encontra-se vigente.

Ademais, a LRF exige a relação de bens dos sócios da sociedade que requerer recuperação judicial. A apresentação de balanço sintético quanto aos ativos e que não identifica ou detalha os bens que compõem cada item do ativo de tais empresas que são as sócias da requerente não substitui a relação de bens individuais delas.

A indicação genérica no balanço de tais sócias, que também são sociedades empresárias estrangeiras, de itens do ativo e seu valor, sem especificação de cada bem, não pode substituir a relação de bens exigida pela Lei 11.101/05.

Explico. Se no balanço consta do ativo a rubrica imóvel, ali não está especificado qual imóvel, sua localização e matrícula; se consta do ativo a rubrica veículos ali não estão especificados quais veículos, ano, placa, Renavan; se consta do ativo a rubrica equipamentos ali não consta quantos são ou a espécie e características deles, e assim por diante quanto a outros bens.

Portanto, não se sustenta a alegação ou pretensão da requerente de que o balanço substitua a relação de bens das sócias, cuja juntada exigida seja

1431

mantida, ficando fixado o prazo de 30 (trinta) dias para tanto, conforme pedido formulado pela requerente na emenda da inicial, tal como constará ao final desta.

No tocante aos bens do administrador/gestor, a relação de bens constou da inicial mas apenas quanto a participação daquele gestor em outras sociedades empresárias, revelando, destarte, que a relação que constou da inicial estava incompleta e ocultou bens pois um gestor de grande empresa, por certo, possui bens próprios particulares.

Logo, a razão da exigência da cópia das 03 últimas declarações de bens perante a Receita Federal decorreu da ocultação de bens do administrador/gestor, sendo que a requerente atendeu a intimação e juntou as cópias de tais declarações de IR nos autos, pedindo o arquivamento da cópia e desentranhamento dos autos face sigilo fiscal, pedido este que deve ser deferido, conforme determinação que constará ao final desta.

Por outro lado, conquanto cediço o entendimento da presunção da boa fé, para formação de sua convicção este Juízo determinou diligência prévia de vistoria *in loco* por pessoas designadas, via alvará judicial, no parque industrial situado nesta Comarca, vistoria a constatar efetivo funcionamento da empresa, existência de empregados, instalações, equipamentos e estoques. Tais diligências foram realizadas pelos Drs. Otávio De Paoli Balbino (advogado) e Cleber Batista de Sousa (contador), resultando em relatório de atividades e laudo fotográfico acostado aos autos.

Na vistoria constatou-se o real e efetivo funcionamento da requerente, seus empregados, indústria e estoques, embora com dificuldades diante da crise financeira enfrentada, exposta na petição inicial.

Note-se que a necessidade de vistoria decorreu primeiramente da constatação de diversos equívocos e inconsistências na contabilidade

apresentada, ensejando a ordem de emenda e de juntada de novos documentos, o que foi atendido em parte pela requerente, restando para este início de processo somente a relação de bens das empresas sócias, como já exposto acima. Outra inconsistência apurada já fora demonstrada no despacho anterior, qual seja, a divergência entre a informação contida na petição da MARANGONI de que 30 funcionários deixarão de receber sua remuneração (fl. 131/132 dos autos da execução de n° 0051624-05.2017.8.13.0148) e a informação contida na petição inicial do pedido de recuperação judicial no sentido de que a requerente possui 117 funcionários diretos (fl. 05 dos autos da RJ).

Ainda no que tange à documentação exigida pela LRF e a verificação de sua veracidade, foi editada Portaria CNJ n° 15/2016, instrumento pelo qual a Corregedoria Nacional de Justiça recomendou ao juízo da 1ª Vara Empresarial de Belo Horizonte (após realização de inspeção entre 09 e 13 de maio de 2016 - Inspeção n° 0001870-51.2016.2.00.0000) a adoção de perícia prévia ao deferimento do processamento da recuperação judicial, visando essencialmente a apurar se a documentação apresentada está de acordo com os livros contábeis da empresa.

Posteriormente foi editado pela corregedoria do TJMG a Recomendação n° 9/2017 (DJE TJMG – Edição 113/2017) onde "Recomenda a produção de prova pericial prévia ao pedido de recuperação judicial, nos casos em que não for possível verificar, de plano, os requisitos do art. 51 da Lei 11.101, de 9 de fevereiro de 2005, bem como sobre o prazo máximo para apresentação do laudo pericial ao juízo".

Desta forma, embora aparentemente estar em ordem a documentação apresentada aos olhos do juízo, que não dispõe na vara de equipe técnica multidisciplinar para análise da documentação juntada pela empresa devedora,

se faz a necessária nomeação de perito para a realização de laudo pericial inicial.

É que, embora a Recomendação n° 9/2017 do TJMG determine a realização de perícia antes do deferimento do processamento da recuperação judicial, é sabido por este juízo que a requerente vem sofrendo bloqueios diversos, o que pode prejudicar o regular funcionamento de suas atividades.

Tendo sido o pedido de recuperação judicial distribuído em 14/09/2017 e, portanto, há quase dois meses, o que coloca a empresa em situação de vulnerabilidade, não se revela razoável exigir que a requerente aguarde a realização de mais uma diligência antes do deferimento do processamento da recuperação judicial.

A sociedade empresária requerente exerce inegável função social na Comarca, sendo grande indústria aqui instalada que, embora com dificuldade financeira que alega temporária, está em funcionamento, proporciona empregos diretos e indiretos, fora os parceiros comerciais inúmeros, além da circulação de renda que faz gerar, recolhimento de tributos a bem do interesse público, isto sem contar que seu ramo de atuação com produtos pneumáticos sempre abasteceu ou atendeu a grande demanda do produto e serviços inerentes a nível nacional.

A alegada crise econômica e financeira temporária da requerente poderá ser mitigada com o deferimento do processamento da recuperação judicial, porquanto tal decisão implica suspensão de execuções de credores sujeitos à recuperação, implica suspensão dos efeitos dos protestos de créditos sujeitos à recuperação, implica possível novação de dívidas sujeitas à recuperação, caso o plano a ser apresentado seja aprovado em assembleia de credores, medidas que podem proporcionar a retomada dos negócios, retomada de linhas de créditos e do faturamento da requerente, de forma a atingir seu real

soerguimento e a manutenção de tal fonte produtora, tal como objetiva a Lei 11.101/05, a teor de seu art. 47.

Cabível, portanto, independentemente de oportuna exigência de documentos e informações, o deferimento do processamento da recuperação judicial.

ISTO POSTO, considerando tudo quanto foi visto e os princípios que regem o instituto, DEFIRO O PROCESSAMENTO DA RECUPERAÇÃO JUDICIAL de Marangoni Tread Latino América Indústria e Comércio de Artefatos de Borracha Ltda, CNPJ 02.551.474.0001-57, sede na Rodovia LMG 800, Km 01, s/n. , Lagoa Santa/MG. Em consequência, com base nos art. 22, 51 e 52 da Lei 11.101/2005:

a) NOMEIO como administradora judicial PAOLI BALBINO & BARROS SOCIEDADE DE ADVOGADOS, CNPJ n° 22.714.890/0001-36, devidamente representada pelo Dr. Otávio De Paoli Balbino, OAB/MG 123.643, com endereço na Rua Alagoas 1000, sl. 1303, Funcionários, Belo Horizonte/MG, e contato (31) 3656-1514, email contato@pbbadvogados.com.br.

b) LAVRE-SE o competente termo de compromisso a ser assinado no prazo de 48 horas, caso aceite a nomeação.

Aceito o encargo, DETERMINO que a administradora judicial crie *site* na internet para disponibilização integral dos autos da recuperação judicial de forma eletrônica aos interessados, informando nos autos o endereço eletrônico.

c) No que tange à remuneração da administradora judicial, conforme art. 24 da LRF, será fixada considerando a capacidade de pagamento do devedor, o grau de complexidade do trabalho realizado e os valores praticados no mercado, podendo ser fixado em até 5% do passivo sujeito à recuperação judicial (§1°).

1433

n) **INTIME-SE** a requerente para apresentar seus balanços mensais a todo dia 10 de cada mês, com os esclarecimentos e demais documentos que o perito ou o administrador judicial vierem a solicitar.

o) Quanto à decisão que determinou a apresentação de relação de bens da MARANGONI S. P. A e EURORUBBER S. P. A, incluindo-se bens existentes fora do Brasil, acompanhado de documento oficial devidamente traduzido que comprove a titularidade, **DETERMINO** a intimação da requerente para que apresente referidos documentos, ficando fixado o prazo de 30 (trinta) dias para tanto, conforme pedido formulado pela requerente na emenda da inicial;

p) **DEFIRO** o desentranhamento das declarações de IR nos autos às fl. 342/363, com consequente arquivamento das cópias no cofre do cartório, face sigilo fiscal.

**INTIMEM-SE.**
Lagoa Santa, 13 de novembro de 2017.



CARLOS ALEXANDRE ROMANO CARVALHO
JUIZ DE DIREITO



```
C O N C L U S Ã O
Aos ___/___/___ faço estes
autos conclusos ao MM Juiz da Comarca.

_____
Secretaria
```

AUTOS N°. 17/6148-2.

VISTOS ETC.

Tendo em vista o teor da certidão de fl. 1434, verifico que, de fato, a decisão anterior (fl. 1428/1433) encontra-se incompleta.

Assim sendo e a fim de complementar a referida decisão, **DETERMINO** que no dispositivo passe a constar o seguinte:

ISTO POSTO, considerando tudo quanto foi visto e os princípios que regem o instituto, **DEFIRO O PROCESSAMENTO DA RECUPERAÇÃO JUDICIAL** de Marangoni Tread Latino América Indústria e Comércio de Artefatos de Borracha Ltda, CNPJ 02.551.474.0001-57, sede na Rodovia LMG 800, Km 01, s/n. , Lagoa Santa/MG. Em consequência, com base nos art. 22, 51 e 52 da Lei 11.101/2005:

a) **NOMEIO** como administradora judicial **PAOLI BALBINO & BARROS SOCIEDADE DE ADVOGADOS**, CNPJ n° 22.714.890/0001-36, devidamente representada pelo Dr. Otávio De Paoli Balbino, OAB/MG 123.643, com endereço na Rua Alagoas 1000, sl. 1303, Funcionários, Belo Horizonte/MG, e contato (31) 3656-1514, email contato@pbbadvogados.com.br.

b) LAVRE-SE o competente termo de compromisso a ser assinado no prazo de 48 horas, caso aceite a nomeação.

Aceito o encargo, **DETERMINO** que a administradora judicial crie *site* na internet para disponibilização integral dos autos da recuperação judicial de forma eletrônica aos interessados, informando nos autos o endereço eletrônico.

c) No que tange à remuneração da administradora judicial, conforme art. 24 da LRF, será fixada considerando a capacidade de pagamento do devedor, o grau de complexidade do trabalho realizado e os valores praticados no mercado, podendo ser fixado em até 5% do passivo sujeito à recuperação judicial (§1º).

Quanto à capacidade de pagamento, observa-se que, embora em crise, a requerente possui faturamento de aproximadamente R$ 4.000.000,00 mensais, com perspectiva de melhora gradativa, prevendo lucro líquido entre R$ 5.700.000,00 e R$ 6.600.000,00 nos próximos 5 anos, conforme informa em seu relatório gerencial de fluxo de caixa projetada às fl. 57, e entre R$ 2.100.000,00 e R$ 2.600.000,00 nos próximos 5 anos, conforme consta do fluxo de caixa retificado às fl. 535.

Lado outro, entende-se que o caso é grande complexidade e repercussão, pois envolve a filial de uma multinacional que possui relações comerciais e societárias com outras empresas no exterior e no Brasil, o que possivelmente demandará por parte da administradora judicial análise eventual de documentação em língua estrangeira (o que inclusive já consta dos autos, *e.g.*, 466 e seguintes), além de compreensão sistêmica de eventuais grupos societários e sua operação.

Por fim, o passivo informado sujeito à recuperação é superior a R$ 58 milhões, possuindo aproximadamente 850 credores, o que demandará grande

empenho e esforço da administradora judicial quando da etapa de verificação de créditos

Isto posto, **ARBITRO** a remuneração da administradora judicial em 4% do valor do passivo sujeito à recuperação apurado após a etapa de verificação de créditos, com adiantamentos mensais da remuneração no valor de R$ 20.000,00 pelos primeiros 3 meses e R$ 30.000,00 para os meses seguintes, podendo ser majorado posteriormente pelo juízo verificada a viabilidade para tanto, a serem pago até o dia 5 de cada mês, vencendo a primeira parcela em 05/12/2017, a serem pagas diretamente à administradora judicial em conta bancária a ser por ela informada e, mais, que comprove nos autos mensalmente o pagamento.

d) Havendo grande contingente de credores, e tendo em vista os custos iniciais que o processo de recuperação judicial acarretam para o administrador judicial, **DETERMINO** que a requerente pague diretamente à administradora judicial montante equivalente a R$ 10.000,00 a título de adiantamento de despesas para expedição de cartas aos credores e outras despesas que se fizerem necessárias, com prestação de contas oportuna sobre tais despesas.

e) Diante da complexidade do caso e o volume de documentos apresentados, **NOMEIO** desde logo perito contador o Dr. Cleber Batista de Sousa, CRC/MG 055861-O, com endereço na Av. Abrahão Caram, 820, cj. 1010, Belo Horizonte/MG, contatos (31) 99324-0568 e cleber@batistaeassociados.com.br, para 2 (dois) trabalhos distintos, a saber:

e.1) Primeiro trabalho do perito contador: Realização de uma perícia inicial (que tem por escopo atender à Recomendação n° 9/2017 da Corregedoria do TJMG e Portaria CNJ n° 15/2016 da Corregedoria Nacional de Justiça mas que, já sendo realizada no bojo de recuperação judicial cujo deferimento do processamento já ocorreu, não acarreta prejuízos à atividade da

requerente) cujo escopo será: a) verificar se os documentos apresentados pela requerente estão de acordo com os livros contábeis da empresa; b) apurar as operações entre empresas do grupo; c) confrontar a relação de credores com as demonstrações e os livros contábeis da empresa; d) apurar a liquidez dos ativos informados.

**FIXO** o prazo de 60 (sessenta) dias para realização dos trabalhos periciais iniciais, podendo ser prorrogado a pedido do perito mediante motivo justificado diante da complexidade e eventual volume de informações.

Para este trabalho, **ARBITRO** honorários de R$ 20.000,00 a serem depositados em juízo no prazo de 48 horas para início imediato dos trabalhos, podendo ser levantado 50% do montante no início dos trabalhos, ficando desde logo autorizado expedição de alvará após depósito do valor pela requerente.

O restante dos honorários periciais será pago após a entrega do laudo e resposta a eventuais questionamentos por parte do juízo.

e.2) Segundo trabalho do perito contador: Acompanhamento mensal do processo de recuperação judicial como auxiliar da administradora judicial com escopo de exame dos balancetes mensais, exame da contabilidade inerente as atividades da requerente, auxílio na verificação dos créditos e na confecção da relação / quadro de credores oportunos.

Para este trabalho, **ARBITRO** honorários de R$ 6.000,00 mensais, a serem pagos diretamente ao perito contador em conta bancária por ele informada, até o dia 5 de cada mês, vencendo a primeira parcela em 05/12/2017.

**INTIME-SE** o perito contador para compromisso por termo nos autos, caso aceite a nomeação.

f) A solicitação de documentos (contábeis ou não), livros, informações sobre bens, negócios e contratos poderão ser requisitados ou determinados oportunamente, quer pelo Juízo, quer pelo administrador judicial, ficando este desde já autorizado para tanto, a teor do art. 51, § 1º c/c art. 22, I, "d", e II, "a" da Lei 11.101/05, independentemente de medida incidental autônoma.

g) **DISPENSO** a requerente de certidões negativas fiscais para o exercício de suas atividades, ressalvada exceção legal (REsp 1.658.042 e Enunciado 55 da 1ª Jornada de Direito Comercial).

h) **DETERMINO** a suspensão de todas as ações e execuções contra a requerente, ressalvadas as exceções de lei, por 180 (cento e oitenta) dias (art. 6º, § 4º da LRF) cuja contagem fixo em dias úteis, aplicando-se o art. 219 do CPC/2015 a teor do entendimento majoritário dos tribunais. A propósito: TJMG, Agravo de Instrumento 1.0000.17.030507-2/002, Relator(a): Des.(a) Áurea Brasil, 5ª CÂMARA CÍVEL, julgamento em 10/08/0017, publicação da súmula em 17/08/2017; TJSP, Agravo de Instrumento 2147893-05.2016.8.26.0000, Relator Francisco Loureiro, Julgamento em 29.03.2017, 1ª Câmara Reservada de Direito Empresarial, Publicação em 29.05.2017; TJSP, Agravo de Instrumento 2210315-16.2016.8.26.0000, Relator: Hamid Bdine, Julgamento em 16.03.2017, 1ª Câmara Reservada de Direito Empresarial, Publicação em 16.03.2017).

i) **INTIME-SE** o Ministério Público sobre esta decisão, bem assim as fazendas Públicas da União, todos os Estados e todos os Municípios em que a requerente tiver sede e filiais.

j) **DETERMINO** a expedição de ofício à Junta Comercial comunicando o teor da presente decisão, devendo ser acrescido ao nome da empresa devedoras a expressão "em recuperação judicial".

k) **DETERMINO** que a secretaria providencie a publicação do edital previsto no art. 52, § 1º da LRF, contendo o resumo do pedido inicial, o teor desta decisão e a relação retificada de credores juntada nas f. 547/585;

l) **DETERMINO** que a recuperanda apresente à Administradora Judicial e perante a secretaria do juízo mídia digital **em formato editável .xls** contendo a relação de credores retificada;

m) Desde já, também **INTIME-SE** a requerente de que no curso do processo não poderá alienar, arrendar ou onerar bens, salvo estoque, nem alienar ou ceder/transferir cotas sociais ou mudar o administrador/gestor sem prévia ciência e autorização do Juízo da recuperação judicial, nem também efetuar pagamentos antecipados ou com privilégio para alguns credores em detrimento de outros,

n) **INTIME-SE** a requerente para apresentar seus balanços mensais a todo dia 10 de cada mês, com os esclarecimentos e demais documentos que o perito ou o administrador judicial vierem a solicitar.

o) Quanto à decisão que determinou a apresentação de relação de bens da MARANGONI S. P. A e EURORUBBER S. P. A, incluindo-se bens existentes fora do Brasil, acompanhado de documento oficial devidamente traduzido que comprove a titularidade, **DETERMINO** a intimação da requerente para que apresente referidos documentos, ficando fixado o prazo de 30 (trinta) dias para tanto, conforme pedido formulado pela requerente na emenda da inicial;

p) **DEFIRO** o desentranhamento das declarações de IR nos autos às fl. 342/363, com consequente arquivamento das cópias no cofre do cartório, face sigilo fiscal.

**INTIMEM-SE.**
Lagoa Santa, 14 de novembro de 2017.

Carlos Alexandre R. Carvalho
Juiz de Direito

D A T A
Aos _h_ de _11_ de 20_17_.
Nesta data dentes do M.M. JUIZ.
Do que para constar, lavrei esta.

*EXHIBIT "D/2"*

**COURT OF 1ST INSTANCE**
**LAGOA SANTA JUDICIAL DISTRICT – OFFICE OF THE CLERK OF THE 2ND**
**CIVIL/CRIMINAL/**
**JUVENILE COURT**


**CERTIFICATION**

His Honor, Júlio Veríssimo de Souza Meira, Chief Clerk of the Lagoa Santa Judicial District - 2nd Civil, Criminal and Juvenile Court, State of Minais Gerais, pursuant to law, etc.

**CERTIFIES**, pursuant to the request from Dr. Otávio de Paoli Balbino de Almeida Lima, in accordance with the decision on pp. 89-91 back page of case file No. **048412-39.2018.8.13.0148,** which is proceeding under seal, **DR. OTÁVIO DE PAOLI BALBINO DE ALMEIDA LIMA – OAB/MG [MINAS GERAIS BAR ASSOCIATION] 123.643** was appointed as the Trustee and Foreign Affairs Representative for **MARANGONI TREAT LATINO AMÉRICA INDÚSTRIA E COMÉRCIO DE ARTEFACTOS DE BORRACHA LTDA** – **Under Judicial Reorganization** in order to file for ancillary bankruptcy proceedings in the United States of America, pursuant to the terms and conditions of the laws of that country, as granted by this Court on p. 156 of the aforementioned case file. Nothing further.

Lagoa Santa, January 25, 2019


**Júlio Veríssimo de Souza Meira**
***Chief Clerk***
**Registration No. 1.021856-0**


[signature]

JÚLIO VERÍSSIMO DE SOUZA MEIRA
COURT CLERK

JUSTIÇA DE 1ª INSTÂNCIA
COMARCA DE LAGOA SANTA - SECRETARIA DA 2ª VARA CÍVEL/CRIMINAL
INFÂNCIA E JUVENTUDE

## CERTIDÃO

O Bel. Júlio Veríssimo de Souza Meira, Gerente de Secretaria da 2ª Vara Cível, Criminal e JIJ da Comarca de Lagoa Santa, Estado de Minas Gerais, na forma da Lei, etc...

**CERTIFICA**, atendendo requerimento do Dr. Otávio de Paoli Balbino de Almeida Lima, que por força de decisão de fls. 89/91 verso proferida nos autos n.º **0048412-39.2018.8.13.0148**, que tramitam em segredo de justiça, o **DR. OTÁVIO DE PAOLI BALBINO DE ALMEIDA LIMA – OAB/MG 123.643,** foi nomeado Gestor Judicial e Representante Estrangeiro de **MARANGONI TREAD LATINO AMÉRICA INDÚSTRIA E COMÉRCIO DE ARTEFATOS DE BORRACHA LTDA – Em Recuperação Judicial,** para os fins de ajuizar pedido de falência auxiliar nos Estados Unidos da América, nos termos e limites das Leis daquele país, conforme deferido por este Juízo à fl. 156 dos autos supramencionados. Nada mais.

Lagoa Santa, 25 de janeiro de 2019

Júlio Veríssimo de Souza Meira
*Gerente de Secretaria*
Matrícula n.º 1.021856-0

JÚLIO VERÍSSIMO DE SOUZA MEIRA
ESCRIVÃO JUDICIAL

**Scanned with CamScanner**

*EXHIBIT "C"*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

MARANGONI TREAD LATINO AMERICA                    Chapter 15
INDUSTRIA E COMERCIO DE ARTEFATOS
DE BORRACHA LTDA                                  Case No.:

       Debtor in a Foreign Proceeding.
_____/

## **RULE 7007.1 CORPORATE OWNERSHIP STATEMENT**

Otávio de Paoli Balbino de Almeida Lima (the "Trustee"), the duly appointed judicial

manager and foreign representative of Marangoni Tread Latino America Industria e Comcercio de

Artefatos de Borracha Ltda (the "Debtor"), hereby discloses the following as to the Debtor:

Marangoni Tread Latino America Industria e Comcercio de Artefatos de Borracha Ltda is

99.996% owned by Marangoni, S.p.A. and 00.004% by Eurorubber, S.p.A.

Dated: February 15, 2019

                                Respectfully submitted,

                                SEQUOR LAW, P.A.
                                1001 Brickell Bay Dr., 9th Floor
                                Miami, Florida 33131
                                Telephone: (305) 372-8282
                                Facsimile: (305) 372-8202
                                Email: ggrossman@sequorlaw.com
                                            bdecamargo@sequorlaw.com

              By:    */s/ Gregory S. Grossman*_____
                      Gregory S. Grossman
                      Florida Bar No.: 896667
                      Bruno de Camargo
                      Florida Bar No.: 117588

*EXHIBIT "D"*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

MARANGONI TREAD LATINO AMERICA                  Chapter 15
INDUSTRIA E COMERCIO DE ARTEFATOS
DE BORRACHA LTDA                                 Case No.:

     Debtor in a Foreign Proceeding.
_____/

**ORDER GRANTING RECOGNITION OF FOREIGN
MAIN PROCEEDING PURSUANT TO §§ 1515 AND 1517 OF
THE BANKRUPTCY CODE AND GRANTING RELATED RELIEF**

This matter came on for hearing on _____ _____, 2019 (the "Hearing"), upon the

Verified Petition for Recognition of Foreign Main Proceeding Pursuant To §§1515 and 1517 (the

"Verified Motion")[1] [ECF No. ___], of Otávio de Paoli Balbino de Almeida Lima ("Foreign

Representative"), the duly appointed Foreign Representative of Marangoni Tread Latino America

Industria e COmercio de Artefatos de Borracha Ltda (the "Debtor"), seeking recognition and

related relief pursuant to Chapter 15 of the Bankruptcy Code of the Debtor's court-approved

reorganization pending before the Second Civil Court of Lagoa Santa, Minas Gerais, Brazil (the

"Brazilian Court"), Case No. 0048412-39.2018.8.13.0148 (the "Brazilian Proceeding").   The

Court, having considered the Petition, the Verified Motion, and their respective attachments, the

argument of counsel, and being otherwise duly informed, the Court makes the following Order.

     The Court finds:

---

[1]    Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in
the Verified Motion.

A.      Due and timely notice of the filing of the Chapter 15 Petition and the Hearing was given by the Foreign Representative as directed by this Court.

B.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 109 and 1501.

C.      Venue of this proceeding is proper in this judicial district pursuant to 28 U.S.C. § 1410.

D.      This is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

E.      The Foreign Representative qualifies as a "foreign representative" as defined in 11 U.S.C. §101(24).

F.      This Chapter 15 case was properly commenced pursuant to 11 U.S.C. §§ 1504, 1515 and 1517.

G.      Foreign Representative has met the requirements of 11 U.S.C. §§ 1515(b), 1515(c), 1515(d), and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure.

H.      The Brazilian Proceeding is a foreign proceeding under 11 U.S.C. §§ 101(23) and 1502(4).

I.      The Brazilian Proceeding is entitled to recognition by this Court under 11 U.S.C. § 1517.

J.      The Brazilian Proceeding is pending in the city of Lagoa Santa, in the State of Minas Gerais, Brazil.  Brazil is the country where the Debtor has its center of main interests and, accordingly, the Brazilian Proceeding is a foreign main proceeding under 11 U.S.C. § 1502(4), entitled to recognition as a foreign main proceeding under 11 U.S.C. § 1517(b)(1).

K.      The Foreign Representative is entitled to all relief provided under 11 U.S.C. § 1520.

2

L.      The Foreign Representative is further entitled to the relief expressly set forth in 11 U.S.C. § 1521.

M.      The relief granted by this Order is necessary and appropriate, in the interests of public and international comity, consistent with the public policy of the United States, warranted pursuant to 11 U.S.C. § 1521 and will not cause any hardship to the creditors of the Debtor or other parties that is not outweighed by the benefits of the relief being granted.

Accordingly, it is ORDERED AND ADJUDGED that:

1.      The Brazilian Proceeding is granted recognition as a "foreign main proceeding" under 11 U.S.C. § 1517.

2.      The Brazilian Proceeding and the Orders of the Brazilian Court shall be given full force and effect and be binding on and enforceable in the United States against all persons and entities.  This includes without limitation, the Orders attached to the Verified Motion commencing the Brazilian Proceeding and appointing the Foreign Representative as Judicial Manager and Foreign Representative.

3.      The Foreign Representative is entrusted with the full administration and realization of all or a part of the estate and assets of the Debtor within the territorial jurisdiction of the United States.

4.      The Foreign Representative shall have the authority to act independently to carry out any of the duties and powers granted by this Order.

5.      The provisions of 11 U.S.C. § 1520 apply to this proceeding.

6.      All persons and entities are stayed from commencing or continuing any action or proceeding concerning the assets, rights, obligations or liabilities, of the Debtor or the Debtor's bankruptcy estate located in the United States.

7.      All persons and entities are stayed from executing against the assets of the Debtor or the Debtor's bankruptcy estate located in the United States.

8.      All persons and entities are prohibited from transferring, encumbering or otherwise disposing of, any assets of the Debtor or the Debtor's bankruptcy estate located in the United States.

9.      All persons and entities provided notice of the Chapter 15 Petition and the Hearing thereon who are in possession, custody or control of property, or the proceeds thereof, of the Debtor or the Debtor's bankruptcy estate located within the territorial jurisdiction of the United States, shall immediately advise the Foreign Representative by written notice sent to the following addresses:

Attn: Otávio de Paoli Balbino de Almeida Lima
Rua Alagoas, 1.000, Sl. 1307 - Funcionários
Belo Horizonte, Minas Gerais, Brazil
CEP 30130-160

With a copy to:

Attn: Gregory S. Grossman
Bruno de Camargo
Sequor Law, P.A.
1001 Brickell Bay Drive, 9th Floor
Miami, Florida 33131

which written notice shall set forth: (i) the nature of such property or proceeds; (ii) when and how such property or proceeds came into the custody, possession or control of such person or entity; and (iii) the full identity and contact information for such person or entity.

10.      The Foreign Representative is authorized to examine witnesses, take evidence or seek the delivery of information concerning the assets, affairs, rights, obligations or liabilities of the Debtor or the Debtor's bankruptcy estate pursuant to §1521(a)(4), the Federal Rules of

Bankruptcy Procedure, including without limitation the procedure of Fed. R. Bankr. P. 2004 and Local Rule 2004-1, without further order of this Court.

11.     The Foreign Representative is further authorized to operate and may exercise the powers of a trustee under, and to the extent provided by 11 U.S.C. §§ 363 and 552.

12.     This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through this Chapter 15 case, and any request by any person or entity for relief from the provisions of this Order.

13.     This Court shall retain jurisdiction with respect to the administration, realization, and distribution of the assets of the Debtor within the territorial jurisdiction of the United States.

14.     The Foreign Representative is directed to serve a true and correct copy of this Order by electronic filing via the CM/ECF system with the Clerk of Court upon those persons or entities who have appeared by counsel and requested electronic notification of filings in this case and United States mail, first class postage prepaid, upon any other known creditors in the United States, and any other person or entity known to have dominion and control over assets of the Debtors in the United States, all of which shall be sufficient to give notice of this Order.

# # #

Submitted by:

Gregory S. Grossman, Esq.
Bruno de Camargo, Esq.
SEQUOR LAW
1001 Brickell Bay Drive, 9th Floor
Miami, Florida 33131
Telephone: 305-372-8282
Facsimile: 305-372-8202
E-Mail: ggrossman@sequorlaw.com
bdecamargo@sequorlaw.com

Bruno de Camargo shall serve a copy of this Order on all interested parties entitled to service and file a certificate of service thereafter.